Addison State Bank v. The Gunning System, 209 Ill. App. 551.

## Addison State Bank, Appellee, v. The Gunning System, Appellant.

## Gen. No. 23,700.

1. EVIDENCE, § 107*—*when evidence of one hearing telephone conversation inadmissible.* Evidence of one who claims to have heard a telephone conversation between a bank officer and a third person by listening, after hearing the latter call up the bank, at the receiver held by the latter is insufficient to establish statements alleged to have been made by the officer where the witness does not identify the officer's voice with certainty.

2. BILLS AND NOTES, § 308*—*when joint maker of note not relieved from liability.* A statement made to a third person by the cashier of a bank which holds a joint note, that the bank will not hold one of the joint makers, does not relieve the other from liability.

3. STATUTE OF FRAUDS, § 10*—*when verbal agreement to pay debt of another unenforceable.* A verbal agreement to pay the debt of the makers of a note is not enforceable under the Statute of Frauds.

4. BILLS AND NOTES, § 328*—*when agreement that one of joint makers will not be held liable on note is no defense.* An understanding that one of the joint makers of a note will not be held liable thereon is no defense to an action on the note, where the agreement does not antedate the taking of the note by plaintiff for a good consideration.

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH S. LA BUY, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 5, 1918.

WOLSELEY & BALL and G. A. BURESH, for appellant.

W. P. THORNTON and FISCHER & FISCHER, for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

By this appeal the defendant seeks the reversal of

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

a judgment for $2,896 entered against it in the Municipal Court on a directed verdict for the plaintiff.

The suit, begun against both The Gunning System and R. J. Gunning but upon the trial dismissed as to the latter, was brought on a promissory note, a copy of which is as follows:

"$2,500.                    Chicago, Ill., April 21, 1914.
"Six months after date we promise to pay to the order of ourselves Twenty-five Hundred 00/100 Dollars, at 575 Old Colony Building. Value received with interest at the rate of 6 per cent. per annum after maturity.

                         The Gunning System,
                         R. J. Gunning, President.
"Due 10/21/14."

Written on back:

"Pay to the order of Addison State Bank,
                         The Gunning System,
                         R. J. Gunning, President.
                              R. J. Gunning.
(500)   10/5/14.
"Pay to the order of First National Bank, Chicago. All prior endorsements guaranteed. Addison State Bank, 70-1127 Addison, Ill. 70-1127 E. W. Fischer, Cashier. Oct. 3, 1914.
"Says wants to see B. F. Straus in regard this note."

The defense set up by the affidavit of merits was that on April 21, 1914, the note was given to one Benjamin F. Straus, a broker of commercial paper, for the purpose of negotiating; that plaintiff knew said Straus was such a broker and was not the owner of said note but held it for negotiation; that plaintiff did not pay a valuable consideration for the note nor receive it in the regular course of business, but credited the proceeds thereof on other accounts at the request of said Straus; that neither the Gunning System nor R. J. Gunning received anything for said note,

but that it was converted by said Straus to his own use and placed in the bank of plaintiff to the credit of other accounts; that the note was not presented for payment at maturity to the makers thereof and that no protest was made to the indorser, R. J. Gunning, of the nonpayment of said note at maturity; that plaintiff knew that Straus did not pay any part of the money obtained by said note to Gunning or the Gunning System, but plaintiff held said Straus liable for the payment of said note at maturity.

It appears that the note was drawn by one McGay, who prior thereto had been secretary of the Gunning System, and was by him delivered to Straus. From his testimony it is clear that when he left the note with Straus it was indorsed by the makers in blank. Plaintiff took the note on April 26, 1914, paying therefor $2,425.

On the trial defendant attempted to show by the testimony of McGay that, after notice to the defendant by the plaintiff of the due date of the note, McGay called on Straus, who, when informed of such notice, called up the Addison State Bank on the 'phone and talked with Cashier Fischer, directing his attention to the fact that it had been previously understood that Gunning was not to pay this note but that he, Straus, was personally responsible for its payment, and that Fischer replied, "All right, we will not hold Gunning." It was claimed that McGay, by listening at the receiver held by Straus, heard what was said by them in this telephone conversation. Subsequently and before the trial both Fischer and Straus died. The court refused to admit this testimony, which ruling is urged as error.

Even if this testimony as offered were admissible, which is not conceded, it would not amount to a defense, for several reasons: (1) McGay did not identify Fischer's voice with certainty—it purported to be Fischer's voice. (2) Nothing was said as to re-

lieving the defendant, The Gunning System, from liability, but only the joint maker, Gunning. (3) Straus' verbal agreement to pay the debt of the makers of the note would not be enforceable under the Statute of Frauds. (4) The alleged previous understanding not to hold Gunning is not fixed at a time prior to the taking of the note by plaintiff for a good consideration.

Defendant's attempt to relieve itself of liability by the alleged telephonic statements of the cashier, Fischer, could not avail against the proof that plaintiff acquired the note before maturity for a valuable consideration, without any notice of any claim of infirmity.

The judgment is right and is affirmed.

*Affirmed.*